IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOBLR, INC.

    Plaintiff,

v.

NOBL INSURANCE LLC,

    Defendant.

Civil Action No. 19-1314-RGA-SRF

# MEMORANDUM OPINION

Karen L. Pascale, Robert M. Vrana, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, DE; Ann G. Fort, Christopher J. Chan, Anna C. Halsey, EVERSHEDS SUTHERLAND (US) LLP, Atlanta, GA, Attorneys for Plaintiff.

Michael W. McDermott, David B. Anthony, Peter C. McGivney, BERGER HARRIS, LLP, Wilmington, DE; Charles E. Phipps, LOCKE LORD LLP, Dallas, TX, Attorneys for Defendant.

March 24, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 51). It addresses Plaintiff's motion for a preliminary injunction in a trademark infringement action. (D.I. 8). The Report recommends denial of the motion, essentially because there is no showing of irreparable harm. Plaintiff filed objections to the Report. (D.I. 55). Defendant responded to Plaintiff's objections. (D.I. 59). The Magistrate Judge's Report is comprehensive, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

I. **LEGAL STANDARD**

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations *de novo*. (D.I. 55 at 1; D.I. 59).

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). A party seeking a preliminary injunction must satisfy the traditional four-factor test: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004).

II. **DISCUSSION**

    a. **Likelihood of success on the merits**

In assessing Plaintiff's likelihood of success on the merits for its claims for trademark infringement and unfair competition under the Lanham Act, the Magistrate Judge used the Third

Circuit's ten Lapp factors. (D.I. 51 at 5-6; *see A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)). The parties agree that the Lapp analysis is the right analysis to apply. Plaintiff objects only to the Magistrate Judge's recommendation as to Lapp factors 4 and 6.

As to the first Lapp factor, the degree of similarity of the marks, the Magistrate Judge considered the aesthetic and phonetic similarities of the parties' marks as used in commerce and the overlap between the parties' planned insurance offerings. (D.I. 51 at 11). The Magistrate Judge found that the degree of similarity between the marks weighs in favor of finding a likelihood of confusion. (*Id.*).

As to the second Lapp factor, the strength of the mark, the Magistrate Judge found that the conceptual strength of Plaintiff's mark weighs slightly in favor of finding a likelihood of confusion because the mark falls between the arbitrary and suggestive classifications. (*Id.*). She also found that the record did not support a finding that Plaintiff's mark is commercially strong. (*Id.* at 14). Thus, the Report recommends that the combined conceptual and commercial strength of Plaintiff's mark weighs slightly in favor of finding a likelihood of confusion. (*Id.*).

As to the third Lapp factor, care and attention of consumers, the Magistrate Judge recognized that Plaintiff's customers must take "affirmative steps" to switch insurance providers, and that Defendant has not yet entered the market. (*Id.* at 15). Thus, this factor weighs against a finding of likelihood of confusion. (*Id.*).

The fifth Lapp factor assesses Defendant's intent in adopting the mark. The Magistrate Judge found that the similarity of the parties' products and corresponding marks, along with

3

Defendant's persistence[1] in using the mark after learning of Plaintiff's existence, supports a finding of likelihood of confusion under this factor. (*Id.* at 17-18).

As to the seventh Lapp factor, assessing whether the goods are marketed or advertised through the same channels, the Report stated that the parties share a marketing strategy focused specifically on particular social media networks. (*Id.* at 19-20). The Magistrate Judge thus found that this factor weighs in favor of a finding of likelihood of confusion. (*Id.* at 19).

The eighth Lapp factor considers the targets of the parties' sales efforts. Given that both parties target potential auto insurance customers shopping for insurance on the internet, the Magistrate Judge found that this factor weighs in favor of a likelihood of confusion. (*Id.* at 20).

The ninth Lapp factor considers the relationship of the goods in question in consumers' minds. Both parties offer or plan to offer auto insurance via an online platform, and as such, this factor was found to weigh in favor of a finding of likelihood of confusion. (*Id.* at 21).

As to the tenth and final Lapp factor, under which the court considers other factors relating to consumer confusion or consumers' expectations of the parties, the Report found that both parties are in the insurance industry, in which it is commonplace for a single provider to sell multiple types of coverage. (*Id.* at 23). The substantial similarities in the parties' names and offerings led the Magistrate Judge to hold that this factor weighs in favor of finding a likelihood of confusion. (*Id.*).

---

[1] Given that the PTO does not appear to be encouraging that Defendant will be able to get trademark protection for its mark, that Defendant does not appear to actually be selling any insurance of any kind as of this writing, and that Defendant's arguments on the merits are weak, I wonder why Defendant does not simply move on from the Nobl name rather than risk throwing good money after bad in developing the business in the Nobl name.

As there are no objections before me to the Magistrate Judge's findings for Lapp factors 1-3, 5, and 7-10, and I have read the Report and the Magistrate Judge's analysis is sensible and persuasive, I will accept the Report's recommendation as to these factors.

The Report found that factor 4, the length of time the mark was used with no confusion, and factor 6, lack of actual confusion, weighs against a finding of a likelihood of confusion. (*Id.* at 16, 18). Plaintiff objects, arguing that factors 4 and 6 should be found to be neutral. (D.I. 55 at 3). Plaintiff argues that other courts have found these factors neutral "where, as here, one or the other party has not been in the marketplace for a significant amount of time." (*Id.;* citing *Citigroup, Inc. v. Capital City Bank Grp., Inc.*, 2010 WL 595586, at *17 (T.T.A.B. 2010)). Defendant, however, asserts that the respective websites of the parties have "coexisted with no instances of actual confusion since at least April 2019, and thus, an opportunity for actual confusion existed. (D.I. 59 at 1). Defendant also argues that an "absence of actual confusion is an important factor favoring a finding that no likelihood of confusion exists." (*Id.*; citing *Scotch Whiskey Assn. v. Majestic Distilling Co.*, 958 F.2d 594 (4th Cir. 1992); *Lever Bros. Co. v. Am. Bakeries Co.*, 693 F.2d 251 (2d Cir. 1982). Given that an opportunity for actual confusion appears to have existed and that none was asserted, I will accept the Magistrate Judge's findings that factors 4 and 6 weigh against a finding of a likelihood of confusion. I also note that the Magistrate Judge's recommendations on these factors have no effect on the overall conclusion about likelihood of success on the merits.

In sum, I will accept the Report's recommendation that Plaintiff is likely to succeed on the merits of its case.

### b. Irreparable Harm

In her Report, the Magistrate Judge found that Plaintiff "cannot establish irreparable harm based only on evidence supporting a likelihood of confusion between the marks." (D.I. 51 at 27). Plaintiff failed to meet its burden to demonstrate a "non-speculative" likelihood of irreparable harm, as Defendant did not yet enter the marketplace and evidence suggested Defendant's launch is uncertain. (*Id.* at 25-26).

Without sufficient facts on the record to convince the Court that Defendant will ever enter into the market (the Magistrate Judge found this possibility doubtful), I do not find a "significant risk of harm" that Plaintiff trademark owner's business reputation and goodwill, to the extent that they may exist, are in jeopardy.[2] *See id.* at 27; *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000); *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir. 1998). As stated in the Report, the Supreme Court has held that a mere "possibility" of irreparable harm is "too lenient" a standard, "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Magistrate Judge discussed in detail the failure of the evidentiary record to support a finding of irreparable harm. I agree with her findings and accept the recommendation of the Report.

---

[2] While not part of the record and therefore not something on which I rely, I note that as of March 24, 2020, some three months after the Magistrate Judge's Report, Nobl's website states that cryptocurrency insurance is "coming soon" and that auto insurance is "under development." This state of affairs is what the Magistrate Judge recited in the Report. (D.I. 51 at 26).

### III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report and deny Plaintiff's motion for preliminary injunction. An accompanying order will be entered.